IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BENEDICT THEMA,**<br><br>        Plaintiff,<br><br>v.<br><br>**INTEL CORPORATION,**<br><br>        Defendant. | Case No. 3:23-cv-00222-IM<br><br>**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

Benedict Thema, 8325 SW Mohawk St., Apt. 220, Tualatin, OR 97062. Pro Se Plaintiff.

Brenda K. Baumgart and Madeleine Sophie Shaddy-Farnsworth, Stoel Rives LLP, 760 SW Ninth Ave., Suite 3000, Portland, OR 97205. Attorneys for Defendant.

**IMMERGUT, District Judge.**

      Plaintiff Benedict Thema ("Plaintiff"), proceeding pro se, filed this action against his former employer, Defendant Intel Corporation ("Defendant"), on February 14, 2023. ECF 1. In his complaint, Plaintiff alleges that Defendant's termination of his employment was "motivated by racial discrimination and in violation of applicable law." *Id.* at 5. Defendant now moves to dismiss Plaintiff's complaint for failure to state a claim. ECF 9. Finding that Plaintiff has failed to adequately plead the required elements of federal race-based discrimination under Title VII of

PAGE 1 – ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000d et seq., this Court GRANTS Defendant's motion to dismiss Plaintiff's claim for racial discrimination without prejudice and with leave to amend. However, this Court DENIES Defendant's motion to dismiss Plaintiff's claim for retaliation, as Plaintiff has plead sufficient facts at this stage to state a claim for retaliation under Title VII.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint. ECF 1. Plaintiff is a resident of Washington County, Oregon. *Id.* at 1. Plaintiff identifies as Black and male. *Id.* at 8. Plaintiff was employed by Defendant from August 25, 2018 through November 23, 2021. *Id.*

On October 28, 2021, Plaintiff raised a concern with his manager "regarding an incident of body violation and/or sexual assault, which was related to actions taken by a white co-worker." *Id.* at 5. Plaintiff alleges that he was subsequently placed on administrative leave "[i]n retaliation for raising the concern." *Id.* Defendant terminated Plaintiff's employment on November 23, 2021. *Id.* Plaintiff alleges that this termination was "motivated by racial discrimination and in violation of applicable law." *Id.* Plaintiff further alleges that "the white co-worker who engaged in the alleged body violation and/or sexual assault remains employed by the employer, and that no disciplinary action has been taken against them." *Id.* Plaintiff alleges that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 17, 2022, and received a Notice of Right to Sue letter on November 17, 2022. *Id.* Plaintiff filed the present action on February 14, 2023. ECF 1.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs.*,

*Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

Federal courts hold a *pro se* litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations

PAGE 3 – ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

omitted). "A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (emphasis omitted) (internal quotation marks and citation omitted).

## DISCUSSION

Liberally construed, Plaintiff's complaint alleges two claims under Title VII: a claim for discrimination based on Plaintiff's race, and a claim for retaliation. *See* ECF 1 at 5. Defendant argues that Plaintiff has failed to plead sufficient facts to support either claim. ECF 9 at 4. This Court considers each claim in turn.

**A. Plaintiff has not plead sufficient facts to state a claim for discrimination under Title VII.**

To state a claim for race discrimination under Title VII, Plaintiff must plausibly allege that: (1) he was a member of a protected class; (2) he performed his job satisfactorily; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside of Plaintiff's protected class more favorably. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citation omitted). Defendant argues that Plaintiff has failed to adequately plead the second and fourth elements of his claim. ECF 9 at 5. This Court agrees.

Plaintiff does not allege in his complaint that he performed his job satisfactorily. *See generally* ECF 1. This Court notes that Plaintiff, as a pro se litigant, is afforded "the benefit of any doubt," and that this Court must construe all well-pleaded material facts in the light most favorable to Plaintiff. *See Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (internal citation omitted); *Daniels-Hall*, 629 F.3d at 998. But while Plaintiff argues in his response briefing that he was "not only qualified but excelled in his position as evidenced by his performance reviews and [Defendant's] reliance on his skills across shifts," his actual complaint contains no factual allegations to support this inference. *Compare* ECF 14 at 3 *with* ECF 1 at 5. Because Plaintiff

has plead no material facts related to his job performance, this Court cannot infer whether Plaintiff performed his job satisfactorily. Accordingly, Plaintiff has failed to adequately plead the second element of his Title VII discrimination claim.

For the purposes of aiding in any amendment to Plaintiff's discrimination claim, this Court also considers Defendant's argument that Plaintiff has failed to allege that Defendant treated similarly situated employees outside of Plaintiff's protected class more favorably. ECF 9 at 5; *see also Eldridge*, 832 F.2d at 1136 ("Courts . . . provide a pro se litigant with notice of the deficiencies in his or her complaint to ensure that the litigant uses the opportunity to amend effectively.") (internal quotation marks and citation omitted).

To satisfy the fourth element of a prima faciae claim for discrimination under Title VII, Plaintiff must show that Defendant treated similarly situated employees outside of his protected class more favorably. "In order to show that the 'employees' allegedly receiving more favorable treatment are similarly situated . . . the individual seeking relief must demonstrate, at the least, that they are similarly situated to those employees in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (citations omitted). Typically, whether the similarities are material will "depend on context and the facts of the case." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010). However, to be similarly situated in all material aspects, a plaintiff must show that they and the favored employee "have similar jobs and display similar conduct." *Vasquez v. Cnty. of L.A.*, 349 F.3d 634, 641 (9th Cir. 2003) (citations omitted).

Construed liberally, Plaintiff's complaint alleges that a white co-worker who sexually assaulted him was not terminated by the employer and had no disciplinary actions taken against them, while Plaintiff was terminated. ECF 1 at 5. Plaintiff thus alleges that Defendant treated the white co-worker more favorably than Plaintiff. *Id.* But Plaintiff includes no factual allegations to

support the inference that he and this co-worker were similarly situated in all material aspects. Though Plaintiff's EECO Complaint alleges that he and the white co-worker both dealt with accusations of "inappropriate comments," Plaintiff includes no information about whether he and the white co-worker performed the same job, or the extent to which the alleged inappropriate behavior was indeed similar. *See* ECF 1 at 8. This Court finds that Plaintiff has failed to allege sufficient facts to satisfy the fourth element of his discrimination claim. Accordingly, this Court GRANTS Defendant's motion to dismiss Plaintiff's discrimination claim.

**B. Plaintiff has plead sufficient facts to state a claim for retaliation under Title VII.**

To establish a prima facie case of retaliation under Title VII, Plaintiff must show (1) that he engaged in a protected activity; (2) that Defendant subjected him to an adverse employment action; and (3) that there was a causal link between the protected activity and the adverse employment decision. *Manatt v. Bank of America, NA*, 339 F.3d 792, 800 (9th Cir. 2003). Defendant argues that Plaintiff has failed to sufficiently allege the first and third elements of a retaliation claim. This Court disagrees.

Defendant argues that Plaintiff has failed to allege that he was engaged in a protected activity. ECF 9 at 7. Conduct constituting a protected activity under Title VII includes filing a charge or complaint, testifying about an employer's alleged unlawful practices, and engaging in other activity intended to oppose an unlawful employment practice. 42 U.S.C. § 2000e-3(a); *see also Raad v. Fairbanks N. Star Borough School Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003). "Courts have interpreted 'unlawful employment practices' to include a panoply of actions involving discrimination and sexual harassment." *Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 525–26 (9th Cir. 1994); *see also Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986).

In his complaint, Plaintiff alleges that he raised a concern with his manager "regarding an incident of body violation and/or sexual assault, which was related to actions taken by a white

PAGE 6 – ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

co-worker." ECF 1 at 5. Plaintiff alleges that after raising this concern, he was placed on administrative leave and, eventually, had his employment terminated. *Id.* "[E]mployees who are subject to adverse employment actions because they lodged complaints of sexual harassment can raise a retaliation claim under Title VII." *Brooks v. City of San Mateo*, 229 F.3d 917, 923 (9th Cir. 2000) (citation omitted). Sexual assault "has routinely been prohibited as sexual harassment under Title VII." *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1065 (9th Cir. 2002) (collecting cases).

Accordingly, Plaintiff's complaint alleges that he lodged a complaint regarding sexual harassment with his supervisor and was subsequently placed on administrative leave and terminated. These allegations satisfy the requirement that Plaintiff plead engagement in a protected activity. *See Brooks*, 229 F.3d at 928 (finding that "asserting one's civil rights . . . by complaining of [sexual harassment] is a protected activity under Title VII"); *see also Manatt*, 339 F.3d at 800 n.8 (finding that even informal complaints to a supervisor constitutes a protected activity under Title VII); *Jernigan v. Alderwoods Grp., Inc.*, 489 F. Supp. 2d 1180, 1200 (D. Or. 2007) (finding that making a complaint to an employer about workplace sexual harassment is protected activity for the purposes of a Title VII retaliation claim).

Defendant next argues that Plaintiff's Complaint fails to plausibly allege that Plaintiff suffered an adverse employment action because of his engagement in protected conduct. ECF 9 at 8. The allegations in Plaintiff's complaint, however, support an inference that the adverse employment action happened shortly after Plaintiff engaged in the protected conduct. "In some cases, causation can be inferred from timing alone where an adverse employment action follows on the heels of protected activity." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2022). According to Plaintiff's complaint, Plaintiff was terminated less than one month after

PAGE 7 – ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

lodging the complaint with his manager. ECF 1 at 5. Within the Ninth Circuit, this timeframe is sufficient to support the inference that the adverse employment action was caused by Plaintiff's complaint. *See, e.g.*, *Miller v. Fairchild Indus.*, 885 F.2d 498, 505 (9th Cir.1989) (finding causation established where adverse action occurred forty-two and fifty-nine days after EEOC hearings); *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987) (finding causation established where adverse action occurred less than three months after complaint). This Court finds that Plaintiff has alleged sufficient facts to satisfy the third element of his retaliation claim. Accordingly, this Court DENIES Defendant's motion to dismiss Plaintiff's retaliation claim.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF 9, is GRANTED as to Plaintiff's discrimination claim and DENIED as to Plaintiff's retaliation claim. Plaintiff's discrimination claim is DISMISSED without prejudice and with leave to amend. The Court grants leave for Plaintiff to amend his complaint within thirty days of this Opinion & Order. *See* Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED.**

DATED this 28th day of August, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge