IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BENEDICT L. THEMA**, <br><br> Plaintiff, <br><br> v. <br><br> **INTEL CORPORATION**, <br><br> Defendant. | Case No. 3:23-cv-00222-IM <br><br> **OPINION AND ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS** |

Benedict L. Thema, 8325 SW Mohawk St., Apt. 220, Tualatin, OR 97062. Pro Se Plaintiff.

Brenda K. Baumgart and Madeleine Sophie Shaddy-Farnsworth, Stoel Rives LLP, 760 SW Ninth Ave., Suite 3000, Portland, OR 97205. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Plaintiff Benedict L. Thema, proceeding pro se, filed this action against his former employer, Defendant Intel Corporation, on February 14, 2023. Complaint ("Compl."), ECF 1. Plaintiff alleged that Defendant's termination of his employment was "motivated by racial discrimination and in violation of applicable law." *Id.* at 5. Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. Motion to Dismiss, ECF 9. This Court granted in part and denied in part that motion, finding that Plaintiff failed to adequately plead the required

PAGE 1 – OPINION AND ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

elements of federal race-based discrimination under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e to e-17, but that Plaintiff plead sufficient facts to state a claim for retaliation under Title VII. Opinion and Order, ECF 17 at 1–2. Plaintiff was permitted leave to amend his complaint. *Id.* at 8. Plaintiff filed his amended complaint on September 27, 2023. Amended Complaint ("Amended Compl."), ECF 20.

Defendant now moves to dismiss Plaintiff's amended complaint in part for failure to state a claim. Partial Motion to Dismiss Plaintiff's Amended Complaint ("Mot. to Dismiss Amended Compl."), ECF 21. Defendant argues that Plaintiff fails to allege a prima facie case for discrimination under Title VII. This Court agrees. This Court GRANTS Defendant's partial motion to dismiss Plaintiff's claim for racial discrimination with prejudice.

## BACKGROUND

The following factual allegations are taken from Plaintiff's complaint, ECF 1, and his amended complaint, ECF 20.[1] Plaintiff is a resident of Washington County, Oregon. Compl., ECF 1 at 1. Plaintiff identifies as Black and male. *Id.* at 8. Plaintiff was employed by Defendant from August 25, 2018 through November 23, 2021. *Id.* Plaintiff alleges that his performance "surpassed expectations"; that management sought "his expertise in training across various shifts"; and that he was "frequently approached throughout 2019 and 2020 to provide training,

---

[1] Because this Court must construe pro se pleadings liberally, this Court treats Plaintiff's amended complaint as having incorporated the allegations set forth in his original complaint. *See Beutler v. Potter*, No. C 06-1833 CW, 2007 WL 2990360, at *1 (N.D. Cal. Oct. 11, 2007) ("The amended complaint does not contain a statement of the underlying facts supporting Plaintiff's discrimination claim; it contains only the allegations he added to avoid dismissal based on failure to exhaust and the statute of limitations. However, because *pro se* complaints should be read liberally, the Court construes the amended complaint to incorporate the allegations set forth in the original complaint."); *Jackson v. Bowser*, No. 2:20-CV-01090-SB, 2023 WL 2696679, at *1 (D. Or. Feb. 7, 2023), *report and recommendation adopted*, No. 2:20-CV-01090-SB, 2023 WL 2687540 (D. Or. Mar. 29, 2023).

PAGE 2 – OPINION AND ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

cover critical responsibilities, and extend essential support across different shifts." Amended Compl., ECF 20 at 2.

On October 28, 2021, Plaintiff raised a concern with his manager "regarding an incident of body violation and/or sexual assault, which was related to actions taken by a white co-worker." Compl., ECF 1 at 5. Plaintiff alleges that he was subsequently placed on administrative leave "[i]n retaliation for raising the concern." *Id.* Defendant terminated Plaintiff's employment on November 23, 2021. *Id.* Plaintiff alleges that this termination was "motivated by racial discrimination and in violation of applicable law." *Id.* Plaintiff further alleges that "the white co-worker who engaged in the alleged body violation and/or sexual assault remains employed by the employer, and that no disciplinary action has been taken against them." *Id.* Plaintiff alleges that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on May 17, 2022, and received a Notice of Right to Sue letter on November 17, 2022. *Id.* Plaintiff filed the present action on February 14, 2023. Compl., ECF 1. After this Court dismissed the discrimination claim without prejudice, Plaintiff filed an amended complaint. Amended Compl., ECF 20.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must

PAGE 3 – OPINION AND ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

Federal courts hold a pro se litigant's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted). "A document filed *pro se* is 'to be liberally construed . . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

## DISCUSSION

Liberally construed, Plaintiff's amended complaint has failed to plead sufficient facts to support a claim for discrimination under Title VII.

To state a claim for race discrimination under Title VII, Plaintiff must plausibly allege that: (1) he was a member of a protected class; (2) he performed his job satisfactorily; (3) he

PAGE 4 – OPINION AND ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

suffered an adverse employment action; and (4) his employer treated similarly situated employees outside of Plaintiff's protected class more favorably. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006). Defendant argues that Plaintiff has failed to adequately plead the first and fourth elements of his claim. Mot. to Dismiss Amended Compl., ECF 21 at 4–6. Because this Court construes Plaintiff's amended complaint as having incorporated the allegations made in his original complaint, this Court disagrees as to the first element. Plaintiff has alleged that he identifies as Black and male; he has sufficiently alleged that he is a member of a protected class. However, this Court agrees as to the fourth element.

As explained in this Court's previous Opinion and Order, to satisfy the fourth element of a prima facie claim for discrimination under Title VII, Plaintiff must show that Defendant treated similarly situated employees outside of his protected class more favorably. "In order to show that the 'employees' allegedly receiving more favorable treatment are similarly situated[,] . . . the individual seeking relief must demonstrate, at the least, that they are similarly situated to those employees in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006) (citations omitted). "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct," *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003) (citations omitted), and whether the similarities are material will "depend on context and the facts of the case," *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010).

Plaintiff's EEOC Complaint and pleadings before this Court do not clearly identify a similarly situated comparator for his disparate treatment claim. The only other employee mentioned by Plaintiff is the white co-worker who he alleges sexually assaulted him. Construing Plaintiff's pleadings liberally, this Court assumes that Plaintiff offers the white co-worker as a similarly situated comparator. Plaintiff's complaint and amended complaint allege that the white

co-worker who sexually assaulted him was not terminated by the employer and had no disciplinary actions taken against them, whereas Plaintiff was terminated. Compl., ECF 1 at 5; Amended Compl., ECF 20 at 3. Plaintiff thus alleges that Defendant treated the white co-worker more favorably than Plaintiff. Compl., ECF 1 at 5; Amended Compl., ECF 20 at 3. But Plaintiff includes no factual allegations to support the inference that he and this co-worker were similarly situated in all material aspects. Though Plaintiff's EEOC Complaint alleges that he and the white co-worker both dealt with accusations of "inappropriate comments," Plaintiff includes no information about whether he and the white co-worker performed the same job, or the extent to which the alleged inappropriate behavior was indeed similar. *See* Compl., ECF 1 at 8; Amended Compl., ECF 20 at 3. This Court finds that Plaintiff has failed to allege sufficient facts to satisfy the fourth element of his discrimination claim.

In addition, to the extent Plaintiff now brings a disparate impact claim, *see* Plaintiff's Response in Opposition to Defendant's Partial Motion to Dismiss, ECF 22 at 4–5, this Court finds that it lacks subject matter jurisdiction over that claim. *See Paige v. California*, 102 F.3d 1035, 1041 (9th Cir. 1996); *see also Salas v. Indep. Elec. Contractors Inc.*, 603 F. App'x 607, 608 (9th Cir. 2015). Plaintiff did not allege disparate impact in his EEOC Complaint, *see* Compl., ECF 1 at 8, and therefore failed to exhaust his administrative remedies. This Court lacks subject matter jurisdiction over any disparate impact claims. Furthermore, because Plaintiff failed to exhaust his administrative remedies, amendment of the complaint to include a disparate impact claim would be futile.

## CONCLUSION

For the foregoing reasons, Defendant's Partial Motion to Dismiss, ECF 21, is GRANTED. Plaintiff's discrimination claim is DISMISSED with prejudice.

///

**IT IS SO ORDERED.**

DATED this 17th day of November, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
